ROBERT ELDER v. THE EXECUTORS OF ROBERT BOGARDUS.

The affidavit of a party, from whom discovery is sought, that the books contain no entry relative to the matters in controversy, is not an answer to the application.

When a book contains entries unconnected with the subject in litigation and which are of a private character, inspection will be ordered of so much, only, as relates to the matter in suit.

*H. F. Clark* moved for an order for discovery. The petition set forth that Robert Bogardus, in his life-time, had been employed, as counsel, to examine the title to, and search for incumbrances against, certain real estate which plaintiff had purchased, and that Bogardus had overlooked an incumbrance which the plaintiff was compelled to pay off, for which negligence this suit was brought.

The discovery sought for was an inspection of Bogardus' register, and a private memorandum book kept by him.

*Platt*, for defendant, showed cause, and read an affidavit that the register contains no entry relative to the matters in controversy in this cause, and that the other book was a private book or diary, kept by Bogardus, and contained private entries of various matters, personal to himself and his family, which in his life-time he kept exclusively for his personal use, and had not allowed any other person to have access to it. And he made the following points:

1. That a discovery is not allowed in actions of tort against the defendant. (*Macaulay* v. *Schackall*, 1 Bligh's N. R. 127.)

2. That it is never allowed to enforce a penalty, or a pecuniary forfeiture. (*Parkhurst* v. *Lowter*, 1 Merivale, 391; *Suffolk* v. *Green*, 1 Atk. 450; *Livingston* v. *Tompkins*, 4 J. C. R. 431.)

Elder v. the Executors of Robert Bogardus.

3. That it is not allowed to obtain a discovery of mere private entries. (*Lane* v. *Stebbins*, 9 Paige, 622.)

*H. F. Clark*, in reply, insisted that the party had no right to judge whether the register contained any entries material to the cause; and as to the private entries in the other book, so far as they did not relate to this suit, they might be sealed up. He cited *Dias* v. *Merle*, 2 Paige, 494.

In support of his petition he cited, generally, *Townsend* v. *Lawrence*, 9 Wend. 458; *Bolton* v. *Liverpool*, 3 Simons, 467; *Newton* v. *Beresford*, 1 Young, 377.

*The Circuit Judge* decided that the person from whom a discovery is sought is not allowed to be the judge whether the document sought to be discovered is material or not, which would be the effect, if his affidavit that it contained no entry relative to the matters in controversy, were held to be a sufficient objection to the application. And that the fact suggested in regard to the other book, viz.: that it contained private entries, was perhaps one of the best reasons why the discovery should be allowed. The intention of the statute was to discover the truth, and it would not do to allow that intention to be defeated by the party taking extraordinary pains to conceal the evidence of it.

The suggestion that the book contained other private entries, in no way connected with this suit, was entitled to weight, for while the plaintiff had a right to inspect so much of the book as related to the matters involved in this suit, the defendant had an equal right to have other private matters protected from the gaze of idle or impertinent curiosity.

He therefore ordered the discovery sought for, but the private memorandum book to be first submitted to his examination, in order that such parts as were purely private, and unconnected with this suit, should be sealed up.

[At the June Special Term of the Supreme Court (JEWETT, J., presiding); the order of the circuit judge was confirmed, but modified so as to permit the defendant to seal up the parts of the book purely private, etc.]